CHARLES H. KATT AND OTHERS, APPELLANTS, v. THE GERMANIA FIRE INSURANCE COMPANY, RESPONDENT.

*Referee— The failure of a referee to be sworn will not authorize the setting aside of the judgment— Code of Civil Procedure, sec. 721.*

The failure of a referee to be sworn will not authorize the court to set aside the judgment entered upon his report.

APPEALS from orders made at Special Term, setting aside a judgment entered upon the report of a referee and setting aside the report.

A. *Blumenstiel*, for the appellants.

John *Chetwood*, for the respondent.

DAVIS, P. J.;

The first appeal is from an order of Special Term setting aside the judgment, entered upon the report of a referee. The second is from the order of another Special Term setting aside the report of the referee.

Both of these orders were based upon the fact that the oath of the referee was taken before one of the attorneys for the plaintiff in the action. If the taking of an oath before the attorney is void, the worst effect that could follow is that no oath was taken by the referee.

Section 721 of the Code of Civil Procedure declares that where a verdict, report or decision has been rendered, judgment shall not be stayed, nor shall any judgment of a court of record be impaired or affected by reason of either of the following imperfections, omissions, defects, matters or things in the process, pleadings or other proceedings * * *. " For an omission on the part of a referee to be sworn."

This section we think clearly disposes of both motions contrary to the decision of the court below.

The judgment. ought not to be disturbed, but having been set aside for an alleged defect, the order to set aside the report was regarded by the learned judge holding the subsequent Special Term as a necessary consequence of the first order. He was correct under the assumption that the order setting aside the judgment was regular ; but its palpable irregularity compels us to reverse it, and it follows, as a matter of course, that the second order must be reversed.

Both of these orders must be reversed, with the costs in one appeal and the disbursements in both.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Orders reversed, with ten dollars costs in one appeal and disbursements in both.